**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Mokena Mart, Inc. an Illinois corporation, and Hamdi I. Sughayar,** ) | |
| ) | **Case No. 19-cv-7148** |
| **Plaintiffs,** ) | |
| ) | **Judge: Steven C. Seeger** |
| **v.** ) | |
| ) | **Magistrate Judge: Sidney I. Schenkier** |
| **Village of Mokena, Conroc, Inc. an Illinois corporation, and Conrad Coultas,** ) | |
| ) | |
| **Defendants.** | |

**SECOND AMENDED COMPLAINT**

**NOW COMES** Mokena Mart, Inc. an Illinois corporation ("Mokena Mart") and Hamdi I. Sughayar ("Sughayar"), and for their Second Amended Complaint against the above captioned Defendants, the Village of Mokena (the "Village"), Conroc, Inc., and Conrad Coultas (together "Conroc") states, alleges, claims and demands as follows:

**JURISDICTION**

1.      This Court has jurisdiction under 28 U.S.C. § 1343(3) and 28 U.S.C. § 1331, in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 42 U.S.C. §1985. This Court has authority to award attorneys fees pursuant to 42 U.S.C. §1988.

**General Allegations Common to All Counts**

2.      Plaintiff Mokena Mart is a corporation organized and existing under the laws of the State of Illinois.

3.      Plaintiff, Sughayar is a citizen of the United States and the President and sole shareholder of Mokena Mart.

4.      Mokena Mart and Sughayar operate a convenience store located at 19464 S. LaGrange Road (Unit #5) in the Village of Mokena.

5.      The Village is a municipal corporation organized and existing under the laws of the State of Illinois, and considered a "person" under applicable law.

6.      The Village as enacted certain codes, rules, regulations, ordinances and procedures in its capacity as a municipal corporation (the "Village Laws").

7.      The Village Laws include the regulation for the sale and purchase of alcoholic beverages and the licensing of businesses for the sale and purchase of alcoholic beverages.

8.      Sughayar, on behalf of his business Mokena Mart, submitted an application to the Village for the sale of alcoholic beverages on April 26, 2019 (the "Application" attached as **Exhibit A**). The Application sought a "Class – C1" liquor license.

9.      The Village received the Application but failed to process it in a reasonable fashion.

10.     The Village failed to schedule the interview of Sughayar as part of the required "background check" review to process the Application until September 5, 2019, 132 days after submittal.

11.     After the Plaintiff filed this lawsuit, the Village denied the Application.

12.     Upon information and belief, during the pendency of the Application a similarly situated applicant submitted and had its Class – C1 liquor license reviewed and approved in less than 75 days by the Village.

13.     The Village has instructed customers under the age of eighteen years of age to attempt to purchase tobacco products in an effort to issue violations to Mokena Mart and deny the Application.

14.     Defendants, Conroc, Inc., d/b/a Post Game Pub & Grille and Conrad Coultas operate a tavern under a Class A license in the Village of Mokena adjacent to the Mokena Mart.

15.     Conroc sells package liquor for off premise consumption.  A Class A license allows Post Game Pub to sell originally packaged liquor for off premise consumption.

16.     Conrad Coultas, is a personal friend of the Village President and Liquor Commissioner, Frank Fleischer.

17.     Conroc has requested that the Village deny any applications submitted by Mokena Mart to sell alcoholic beverages as it would be a direct competitor with Post Game Pub's package liquor sales business.

18.     The Village refuses to grant the license sought by the Application due to the relationship between Conroc and Frank Fleischer.

19.     The Village reviews and processes liquor license applications expeditiously for Caucasian applicants, but delays the review of and denies those of Middle Eastern descent.

20.     The Village denied Mokena Mart its right to have the local liquor review board, in this instance, the Village of Mokena Board, hear the appeal of the denial of the liquor commissioner.

21.     The denial of a right to an appeal at the local review board forced Mokena Mart to file an appeal before the Illinois Liquor Control Commission (the "ILCC") to protect its appeal rights, and Mokena Mart incurred significant costs and damages.

22.     The ILCC is currently on a complete hold due to the COVID19 pandemic, and Mokena Mart has been forced into a procedural dead end where a single official at the Village acts arbitrarily to support white owned businesses in favor of competing ethnically owned businesses attempting to operate in similar retail operations.

23.     The Village has not diligently or fairly processed the Application.

## COUNT I:  42 U.S.C. § 1983 – Equal Protection

24.     Plaintiffs restates and realleges Paragraphs 1 to 23 of the Complaint as if fully stated herein.

25.     The Village applies and interprets the Village Laws in conflicting and inequitable ways when reviewing and approving liquor licenses.

26.     The Village Laws as applied to Sughayar and Mokena Mart violates the Equal Protection Clause of the 14th Amendment of the United States Constitution (the "Equal Protection Clause").

27.     The rights and privileges denied by the Village which are secured by the Equal Protection Clause have and continue to cause substantial damages to Mokena Mart and Sughayar.

**Wherefore**, the Plaintiffs, Mokena Mart, Inc., an Illinois corporation and Hamdi I. Sughayar prays that this Court:

(a)  Enter judgment against the Village of Mokena;

(b)  Enter a declaratory judgment that the Village of Mokena has acted to deprive the Plaintiffs of its Constitutional rights of equal protection under the Village Laws;

(c)  Award the Plaintiffs its actual damages, costs and reasonable attorney's fees consistent with the laws of the United States; and

(d)  Whatever other relief this Court deems just and proper.

4

### COUNT II:  42 U.S.C. § 1985 – Conspiracy to interfere with civil rights

28.     Plaintiffs restates and realleges Paragraphs 1 to 23 of the Complaint as if fully stated herein.

29.     The Village, by its Mayor and Liquor Commissioner, Frank Fleischer, and Conroc, met, agreed, planned and conspired, to deny Mokena Mart and Sughayar the equal protection of the laws of the Village of Mokena and the United States.

30.     Mokena Mart is entitled to equal and fair treatment under the law to have its liquor license applications reviewed in a timely manner and on the basis of justice and merit that would be applicable to any other applicant.

31.     In furtherance of private and personal motivations regarding Conroc's business the Village and Conroc acted to abuse the Village's duties and powers to protect Conroc and deprive Mokena Mart of its civil rights by intimidating Mokena Mart, attempting to trick and deceive Mokena Mart into selling tobacco products to minors, misrepresenting the availability of licenses, and failing to process the Application.

32.     The Village Liquor Commissioner has sole discretion in reviewing and recommending approval or denial of liquor license applications.

33.     Conroc and the Village knew that their agreement to deprive Mokena Mart of its civil rights and the actions taken in furtherance of this agreement was in violation of the laws of the United States of America.

34.     Mokena Mart has been directly injured and damaged by the acts of conspiracy described herein by the Village and Conroc to deprive it of its right to a fair hearing on its Application and to a liquor license under the Village Laws.

**Wherefore**, the Plaintiffs, Mokena Mart, Inc., an Illinois corporation and Hamdi I. Sughayar prays that this Court:

(a) Enter judgment for this conspiracy to interfere with Mokena Mart's civil rights, against the Village of Mokena, Conroc, Inc. an Illinois corporation and Conrad Coultas;

(b) Award the Plaintiffs its actual damages, costs and reasonable attorney's fees consistent with the laws of the United States; and

(c) Whatever other relief this Court deems just and proper.

Respectfully submitted,

**Mokena Mart, Inc., an Illinois corporation, and Hamdi I. Sughayar,**

By: _____

Their Attorney

Paul M. Rickelman
PMR LAW, LLC
225 N. Columbus Drive
Suite 2012
Chicago, Illinois 60601
708-732-1928
pmr@paulrickelman.com
ARDC #6290565